IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN E. RANSOM,

    Plaintiff,

vs.

J. WESTPHAL, et al.,

    Defendants.

CV F 00 6875 RHW WMW P

FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS (DOC 71)

    Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendants' motion to dismiss. Plaintiff has opposed the motion.

    This action proceeds on the third amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action against defendant Correctional Officials employed by the California Department of Corrections. Defendants Johnson, Mounce, Westphal, Kibler, Enderle, Holland, Thissen, Gentry, Hough and Edgar bring this motion to dismiss. Plaintiff states claims regarding the conditions of his confinement, deliberate indifference to his serious medical needs, excessive force and religious discrimination and retaliation.

    In his conditions of confinement claim, Plaintiff asserts that in April of 2000, Defendants Johnson, Kibler, Enderle, Holland, Thissen, Gentry, Hough and MTA Jane Doe 1

1

exposed him to excessive noise, creating an unbearable and constant noise chamber, denied him access to warmth, or denied him access to adequate medical care while he was in protective custody.  In his medical care claim, Plaintiff alleges that Defendants John Doe 3 (a physician) and Jane Doe 1 (a nurse), and Edgar on two different occasions, April 21, 2000, and December 31, 2000, were deliberately indifferent to Plaintiff's serious medical needs involving his alleged injuries due to a beating and back pain.  In his religious discrimination and retaliation claim, Plaintiff alleges that Defendant DeBorge (not named in the Third Amended Complaint), denied him access to spiritual supplies on October 4, 2000.  Plaintiff was given an opportunity to amend this claim to state a claim upon which relief could be granted but, instead, chose to exclude it from his Third Amended Complaint.  In the Third Amended Complaint, Plaintiff raises new First Amendment claims related to restrictions placed on his right to attend religious meetings and Equal Protection claims based on disciplinary actions taken against him under the Inmate Grooming Policy for growing his hair in dread locks to comply with his religious beliefs.   In his excessive force claim, Plaintiff alleges that on April 21, 2000, Defendants Johnson, Kellems, Mounce, and Westphal used excessive force during a meeting with Defendant Johnson and Plaintiff in the Program Office regarding Plaintiff's placement in protective custody.

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b) on the ground that Plaintiff has failed to exhaust his available administrative remedies prior to filing suit.  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]  . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 7 of The Prison Litigation Reform Act was amended to read as follows:

(a) APPLICABILITY OF ADMINISTRATIVE REMEDIES.  No action shall be

brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  In Booth v. Churner,532 U.S. 731 (2001).  The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Id. at 1821.  In order to bring his claim in federal court, plaintiff must completely exhaust his available administrative remedies.   In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level.  The third formal level constitutes the Director's decision on appeal.  Cal. Code Regs. Tit. 15, § 3084.5(e)(2).

April 11, 2000 Ad Seg Unit Noise

On April 11, 2000, Defendants Kibler, Enderle and Johnson arranged for Plaintiff the be housed in a cement and glass enclosed section of the Administrative Segregation unit, subjecting Plaintiff to loud noise for several days.  Third Amended Complaint (3rd. Am. Comp.) at ¶¶ 56-61.

Attachment one Defendants' motion is the declaration of R. Hall,  Inmate Appeals Coordinator at CSP Corcoran.  Hall declares that "As the Inmate Appeals Coordinator, I am familiar with and have access to inmate Appeals (CDC Inmate/Parole Appeal Form 602s) submitted by inmates at CSATF/SP.  I am a custodian of these records, and can verify if an inmate at this prison has submitted an Inmate Appeal Form 602 on a particular issue at the first level and above." Hall Decl., 1:26-2:2.   Regarding the issue of Administrative Segregation Housing on April 11, 2000, Hall declares that "CSATF-SP does not have any Inmate Appeal Form 602s submitted by Ransom and received by the inmate appeals office" regarding that issue. Id. at 3:21.

In his opposition, Plaintiff states that on April 14, 2000, he "submitted a CDC 602

claiming that he was being subjected to excessive noise which was depriving him of sleep." Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss (Opp.) 3:19. Plaintiff refers the court to Exhibit C to his declaration in opposition to the motion to dismiss. Defendants' Exhibit C is a copy of an inmate grievance filed by Plaintiff on April 14, 2000. This does not appear to be a filed copy, and has not been assigned log number. There is a written response, with no indication of who reviewed the grievance. The response indicates that the appeal is partially granted in that Plaintiff was released from Administrative Segregation on April 20, 2000. Plaintiff contends that he did not need to further exhaust his grievance.

      The exhibit referred to by Plaintiff did not address the concern noted, the excessive noise Plaintiff was subjected to for several days beginning on April 11, 2000. Further, Plaintiff's assertion that his claim is exhausted because it was granted at the first, informal level does not, of itself, defendant Defendants' motion. Plaintiff does not submit any evidence that the grievance was indeed filed. The court notes that all of the copies submitted by Defendants in their opposition as well as Plaintiff's Exhibits E and F include the filed copies, copies that include the assigned log number. Absent any indication that the grievance was received, Plaintiff can only show that he completed a grievance, but can not show that it has been filed.

      Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v.

1  Churner, 532 U.S. 731, 741 (2001).

2  The Ninth Circuit further explicated this standard in Brown v. Valoff, 422 F.3d
3  926 (9th Cir. 2005).  A prisoner's administrative remedies are exhausted once he has either
4  received all available remedies at an intermediate level or review or been reliably informed by
5  an administrator that no remedies are available. Id. at 935.  Plaintiff's argument that he has
6  exhausted his available remedies simply because his appeal was granted at the informal level
7  does not overcome Defendants' motion.   Plaintiff offers no argument that were no further
8  remedies available.   As noted, Plaintiff's Exhibit C only indicates that a grievance was
9  completed, not filed.  Assuming the grievance to be properly filed, however, the response
10 indicates that the appeal was partially granted.  Brown made clear that as long as there are some
11 remedies available, Plaintiff must fully exhaust.  Defendants' motion should therefore be granted
12 on this claim.

13              April  2000 Claims

14 Defendants' Exhibit A includes a copy if Plaintiff's grievance of this claim.
15 Inmate grievance no. 00-01654, submitted on April 26, 2000, addresses excessive force,
16 placement in a strip cell and  allegations regarding the medical response.   In his grievance,
17 Plaintiff requests monetary damages as well as an investigation by Internal Affairs.  At the first
18 level of review, the appeal was "cancelled for failure to cooperate with the assigned reviewer."
19 The Second Level Appeal Response, dated November 17, 2000, granted the appeal in part, "in
20 that the issue has been referred to OIA."  Plaintiff was specifically advised that "this issue may
21 be submitted for a Director's Level of Review if desired."

22 Plaintiff refers the court to his Exhibit D to his declaration.  Exhibit D, like
23 Exhibit C, does not indicate that it was filed, or that it received a log number indicating that it
24 was filed.   Plaintiff's Exhibit D indicates that it was signed on April 24, 2000.  Defendants'
25 Exhibit A is a copy of an inmate grievance signed by Plaintiff on April 26, 2000, and assigned

26

5

log no. 00-1654.  The date stamp indicates that it was received by CSATF Appeals on May 1, 2000.  Were the court do accept Plaintiff's submission as a filed grievance, it only requests that Plaintiff know why he has not received his medication.  The conduct at issue in this lawsuit is addressed by the filed grievance submitted by Defendants.

As noted, Defendants' Exhibit A advises Plaintiff, in the response to his Second Level of Review, that "this issue may be submitted for a Director's Level of Review if desired." Page 16 of Defendants' Exhibit A includes the response to grievance no. 00-1654 at the final, Director's Level, of review.  This issue has therefore been exhausted.  The Director's Level Appeal Decision was filed on August 3, 2001.  This lawsuit was initiated on November 2, 2000. The Court of Appeals has held that District Courts are required under Prison Litigation Reform Act (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when motion to dismiss was filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).  Defendants' motion should therefore be granted on this claim.

December 31, 2000

Defendants' Exhibit B is a copy of an inmate grievance written by Plaintiff and filed on January 5, 2001, assigned log no. 01-00165.  In the grievance, Plaintiff states that "On Dec. 31, 2000 at approx 9:00 p.m. while standing at the door of my cell here in Ad Seg I experienced a severe pain in my back which literally brought me down to my hands and knees." Plaintiff's allegations related to the medical response and treatment.  As relief, Plaintiff requested and an investigation be conducted, and that he be given a "polygraph examination in relation to the above allegations."

Exhibit B also includes the response at the second level of review, indicating that "the appeal was granted in part, and the matter was reviewed."  Plaintiff was again advised that "this issue may be submitted for a Director's Level of Review if desired."  As noted above,

courts are required to dismiss actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when motion to dismiss was filed. <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002). Defendants' motion should therefore be granted on this claim.

<u>Jumpsuit Claim</u>

Defendants' Exhibit D includes a copy of Plaintiff's grievance regarding this claim. In appeal no. 00-03840, Plaintiff claims that from October 2000 through December 2000, while housed in Administrative Segregation, correctional staff did not permit Plaintiff to wear his jumpsuit during his outdoor exercise period, causing Plaintiff to "have to choose between atrophy or hypothermia," despite prison regulations permitting the use of jumpsuits during the winter season. Though Plaintiff argues that this grievance was exhausted, Defendants' Exhibit D clearly indicates that Plaintiff signed his grievance on November 15, 2000. It is file stamped November 17, 2000. This action was filed on November 2, 2000. Even were the first level to constitute exhaustion, it was not filed, much less completed, prior to the initiation of this action. <u>McKinney</u> mandates dismissal for failure to exhaust prior to filing suit.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be granted, and this action be dismissed for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the

judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

**Dated:**    **January 19, 2007**              /s/  William M. Wunderlich
mmkd34                                              UNITED STATES MAGISTRATE JUDGE